```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,

                                   06 cr 716


            versus         United States Courthouse
                           225 Cadman Plaza East
                           Brooklyn, N.Y.  11201
WINSTON SHILLINGFORD,

                 DEFENDANT.

------------------------------------------x

                                   December 1st, 2006
                                   3:00 p. m.
          TRANSCRIPT OF PLEA
Before:  HON. SANDRA L. TOWNES,
              UNITED STATES DISTRICT COURT JUDGE

                     APPEARANCES

ROSLYNN R. MAUSKOPF
United States Attorney - Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York  11201
         MARTIN COFFEY, ESQ.

Assistant United States Attorney


ATTORNEY FOR DEFENDANT:

KEVIN KEATING, ESQ.
666 OLD COUNTRY ROAD
SUITE 501
Garden City, New York 11530



Reporter:         LISA SCHMID, CCR, RMR
                  225 Cadman Plaza East Rm 354E
                  Brooklyn, New York  11201
                  Tel: (718) 613-2644  Fax: (718) 613-2379
Proceedings recorded by mechanical stenography, transcription
by CAT.
```

1             THE CLERK:  Criminal cause for a plea, Docket Number
2    06 CR 716, United States of America versus Winston
3    Shillingford.  Please state your appearances for the record.
4             MR. COFFEY:  Martin Coffey for the government.  Good
5    afternoon, Your Honor.
6             THE COURT:  Good afternoon.
7             MR. KEATING:  Kevin Keating for Mr. Shillingford.
8    Good afternoon.
9             THE COURT:  Good afternoon.  Is that Mr. Shillingford
10   next to you?
11            MR. KEATING:  It is.
12            THE COURT:  All right.  I have information that has
13   been filed with the Court by the United States Attorney.  It is
14   my understanding that Mr. Shillingford wishes to waive
15   indictment, and waive his trial right to a trial?
16            MR. KEATING:  That's correct, Your Honor.
17            THE COURT:  All right.  Would you administer the oath,
18   please?
19            THE CLERK:  Yes, Judge.
20                    (Defendant sworn.)
21            THE COURT:  Mr. Shillingford, what is your full name?
22            THE DEFENDANT:  Winston Lambert Shillingford.
23            THE COURT:  And how old are you?
24            THE DEFENDANT:  I'm 49 years old.
25            THE COURT:  How far did you go in school?

1           THE DEFENDANT:  I did a little more than four years in
2    college.
3           THE COURT:  All right.  And what is your employment at
4    this time?
5           THE DEFENDANT:  Right now, I'm a project coordinator
6    for a development company.
7           THE COURT:  Okay.  Are you currently or have you
8    recently been under the care of a physician or a psychiatrist
9    or been hospitalized or treated for any type of narcotic
10   addiction?
11          THE DEFENDANT:  No, Your Honor.
12          THE COURT:  Have you taken today or within the last 24
13   hours any drugs, medicine, pills, or any type of alcoholic
14   beverage to drink?
15          THE DEFENDANT:  Your Honor, I took my high blood
16   pressure pills, Your Honor.
17          THE COURT:  And do those pills, that medication, do
18   they affect your ability to think clearly?
19          THE DEFENDANT:  No, Your Honor.
20          THE COURT:  Do you have any questions at all about
21   what is going on here this afternoon?
22          THE DEFENDANT:  No, Your Honor.
23          THE COURT:  All right.  So your mind is clear --
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  -- as you stand before me, and you stand

```
 1   with your attorney?
 2           THE DEFENDANT:  Yes, Your Honor.
 3           THE COURT:  I have many papers before me.  Have you
 4   had an opportunity to look at and review of all of these?  I'm
 5   going to take them separately -- but, the plea agreement, the
 6   standard plea form, and the waiver of indictment form?
 7           THE DEFENDANT:  Yes, Your Honor.
 8           THE COURT:  All right.  Now, have you also been
 9   furnished with a copy of the information that has been filed by
10   the United States Attorney against you?
11           THE DEFENDANT:  Yes, Your Honor.
12           THE COURT:  And you understand what the charge is?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  All right.  I will look for the
15   information.  The information is relatively short.  But, you
16   are accused in this information, between approximately 2000 and
17   2003, with performing services for some Connecticut companies
18   named in the information, including locating some properties
19   that were acquired by the Connecticut company and managing
20   rehabilitation work that was performed on these properties, as
21   well as other properties purchased by the companies so named,
22   and it is alleged here that during that period of time, you
23   received commissions from the sale proceeds of the
24   approximately 18 rehabilitated properties, and there is in the
25   information a description of concealment, by having your
```

1   relative, John Doe, made an officer of a certain corporation,
2   the McKeena Property Corporation of -- one of those Connecticut
3   companies, and that between 2000 and 2003, the corporation
4   issued checks to John Doe, even though John Doe performed no
5   services for the corporation, and the money or the proceeds
6   actually went to you, with the exception of one thousand
7   dollars from each payment.  And that the checks paid to John
8   Doe were cash, in his personal bank account, as I said, that he
9   gave the proceeds to you from each check, except for one
10  thousand dollars.
11          So then it's alleged that on or about April 15th,
12  2002, within the Eastern District of New York and elsewhere,
13  you did knowingly and willfully attempt to evade and defeat
14  income tax due and owing by you to the United States of America
15  by filing and causing to be filed with the Internal Revenue
16  Service in Holtsville, New York, a false and fraudulent United
17  States Individual Income Tax Return Form 1040, wherein -- and
18  reported taxable income in the amount of $145,664, tax due and
19  owing in the amount of $35,407 for the calendar year 2001.
20  Whereas, you then and there well knew and believed that your
21  taxable income and tax due and owing were substantially greater
22  than you reported to the Internal Revenue Service on that Form
23  1040.
24          Now, that is the charge against you.  Have you
25  discussed this charge with your attorney?

```
 1                THE DEFENDANT:  Yes, Your Honor.
 2                THE COURT:  And you understand what it is that you are
 3    charged with doing?
 4                THE DEFENDANT:  Yes, Your Honor.
 5                THE COURT:  All right.  Do you have any questions
 6    before we talk about this waiver of indictment about the
 7    charge?
 8                THE DEFENDANT:  No, Your Honor.
 9                THE COURT:  All right.  Now, you have certain rights,
10    and I'm going to tell you what those rights are, because in
11    order to proceed without a grand jury indictment, you must
12    waive your rights.  So I have to make certain that you
13    understand them.
14                You have the constitutional right to be charged by an
15    indictment of a grand jury; however, you can waive that right,
16    and proceed by being charged by information of the United
17    States Attorney, if you so consent.
18                Instead of an indictment, this felony charge against
19    you has been brought by the filing of an information.  Until
20    you waive indictment, you cannot be charged with a felony
21    unless a grand jury finds by return of indictment that there is
22    probable cause to believe that a felony -- and this is a felony
23    -- has been committed, and that you committed it.  If you do
24    not waive indictment, then the government may proceed to the
25    grand jury and ask the grand jury to indict you.
```

1          A grand jury is a composed of at least 16, but not
2   more than 23 persons.  To be indicted, at least 12 of these
3   grand jurors must find that there's probable cause to believe
4   you committed the crime with which you are charged before you
5   may be indicted.
6          Now if that happened, if the government presented
7   evidence against you, the grand jury might or might not indict
8   you.  If you waive indictment by the grand jury, the case will
9   proceed against you on the United States Attorney's
10  information, just as though you had been indicted.
11         Have you discussed these rights and waiving your right
12  to indictment by the grand jury with your attorney?
13         THE DEFENDANT:  Yes, Your Honor.
14         THE COURT:  Do you understand the right to indictment
15  by a grand jury?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Have any threats or promises been made to
18  you to induce you to waive indictment?
19         THE DEFENDANT:  No, Your Honor.
20         THE COURT:  Do you wish to waive indictment by a grand
21  jury?
22         THE DEFENDANT:  Yes, Your Honor.
23         THE COURT:  All right.  Do you, Counsel, know of any
24  reason why your client should not waive indictment?
25         MR. KEATING:  No, Your Honor.

1        THE COURT:  All right.  I have the waiver of
2   indictment form, and -- between you and your counsel.  I can't
3   read a thing.  Is this your signature, Mr. Shillingford
4   (indicating) --
5        THE DEFENDANT:  (Examines document) Yes.
6        THE COURT:  -- on the waiver of indictment form?
7        THE DEFENDANT:  Yes, Your Honor.
8        THE COURT:  Did you read them and discuss the form
9   with your attorney before you signed it?
10       THE DEFENDANT:  Yes, Your Honor.
11       THE COURT:  Did you sign the waiver of indictment form
12  here in court this afternoon?
13       THE DEFENDANT:  Yes, Your Honor.
14       THE COURT:  All right.  Then I will sign, also.
15            Do you waive a formal reading of the information?
16       MR. KEATING:  I do, Your Honor.
17       THE COURT:  All right.  Now, Mr. Shillingford, I have
18  before me Government's Exhibit 1, which is Court's Exhibit A.
19  Government's Exhibit 1 is a plea agreement.  And on the last
20  page of that plea agreement, page seven, there appears to be
21  your signature.  Is this your signature on page seven
22  (indicating)?
23       THE DEFENDANT:  (Examines document) Yes, Your Honor.
24       THE COURT:  Did you have an opportunity to read the
25  entire agreement with and discuss it with your attorney before

1  you signed it?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Do you have any questions at all about the

4  terms of Government's Exhibit 1, what is expected of you and

5  what is expected of the government?

6              THE DEFENDANT:  I understand it, Your Honor.

7              THE COURT:  And you signed freely and voluntarily?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Did anybody make any promises to you to

10 induce you to plead guilty about what your sentence will be?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  All right.  Did anyone make any other

13 promises or threats to induce you to sign it?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  All right. And likewise, Court's Exhibit

16 A, on the last page of the standard plea, is this your

17 signature (indicating)?

18             THE DEFENDANT:  (Examines document) Yes, Your Honor.

19             THE COURT:  And did you have an opportunity to read

20 and discuss Court's Exhibit A with your attorney before you

21 signed?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  And have all of your questions been

24 answered as you stand before me this afternoon?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Now, you have certain rights, also, with
2  regard to the disposition of charges against you, and I want to
3  go over those because if you plead guilty, you are waiving
4  rights, including your constitutional right to trial.  So I
5  want to make certain that you understand exactly what it is
6  you're waiving.
7          You have the right to plead not guilty to this
8  information.  Do you understand that?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  If you plead guilty, under the
11 constitution and laws of the United States, you are entitled to
12 a speedy and public trial by jury, with the assistance of your
13 counsel on this charge.  Do you understand?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  At trial, you would be presumed to be
16 innocent.  The government has the burden to prove your guilt
17 beyond a reasonable doubt, by the presentation of competent
18 evidence.  You would not have to prove that you are not guilty.
19 Do you understand?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  And if the government failed in its
22 burden, the jury would be required to find you not guilty.  Do
23 you understand that?
24         THE DEFENDANT:  Yes, Your Honor.
25         THE COURT:  In the course of the trial, the government

1  would call witnesses who would come in, and they would testify
2  and they would be required to testify in your presence.  Your
3  attorney would have the right to object to any evidence offered
4  against you, to cross-examine those witnesses, and also to
5  present evidence on your behalf.  Do you understand that?
6          THE DEFENDANT:  Yes, Your Honor.
7          THE COURT:  At that trial, you would have the right to
8  testify if you wish to do so.  However, you could not be
9  required to do so.  Under the Constitution of the United
10 States, you may not be compelled to incriminate yourself.
11         So if you have a trial and you decided not to testify,
12 the Court would be required to instruct the jury that they
13 could not hold the fact that you did not testify against you.
14 Do you understand?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  Now, if you plead guilty here, and I
17 accept your guilty plea, you will be giving up your
18 constitutional right to trial, and the other rights which I
19 have just discussed.  There will be no further trial of any
20 kind -- and let me see.
21         (Examines document)  Yes.  You will have the right to
22 appeal, but pursuant to this agreement, you have agreed that
23 you will not file an appeal or otherwise challenge by petition
24 or any other provision the conviction or sentence, in the event
25 that the Court imposes a term of imprisonment of 21 months or

1   below.  Do you understand that you're waiving that right?

2           THE DEFENDANT:  Yes, Your Honor.

3           THE COURT:  All right.  Now, if you plead guilty, I

4   will ask you some questions about what you did in order to

5   satisfy myself that you are indeed guilty.  You will have to

6   answer those question, and acknowledge your guilt.  Now, we

7   talked about that right not to incriminate yourself, but that's

8   exactly what you would be doing if you plead guilty.  So you're

9   waiving that right.  Do you understand?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Are you willing to give up your right to a

12  trial and the other rights that I have just discussed?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  All right.  Now, pursuant to the plea

15  agreement, we've talked about the fact that if the defendant is

16  sentenced to 21 months or below, he waives the right to appeal.

17  Is there anything else that he --

18          MR. COFFEY:  The penalty provision in the estimated

19  guidelines, he has a maximum of five years, and three year

20  supervised release, a fine of 250,000, and restitution.

21          THE COURT:  Okay.  Yeah. I'm going to get to that.

22          MR. COFFEY:  Oh, okay.

23          THE COURT:  Anything else that he's waiving?

24          MR. COFFEY:  He's waiving venue, statute of

25  limitations, any Hyde Amendment claim for attorneys fees, and

```
 1  additional disclosure from the government.
 2          THE COURT:  You understand that?
 3          MR. KEATING:  Yes, Your Honor.
 4          THE COURT:  All right.  And would the government put
 5  forward the elements of the charge?
 6          MR. COFFEY:  He knowingly and willfully sought to
 7  evade his federal income tax by filing a false calendar year
 8  2001 individual income tax return with the IRS in Holtsville,
 9  New York, in which he underreported his income, yielding a
10  lower tax due and owing than he should of paid.  So he would
11  have had to have paid a substantially greater tax if reported,
12  and he was required to report a larger amount of income based
13  upon his receiving commissions from Connecticut earnings.
14          THE COURT:  All right.  And you understand that that
15  is the charge to which you're pleading guilty?
16          THE DEFENDANT:  Yes, Your Honor.
17          THE COURT:  You have discussed this with your
18  attorney.  Do you have any questions at all?
19          THE DEFENDANT:  No, Your Honor.
20          THE COURT:  All right.  There are certain agreements
21  also, within the plea agreement, that I just want to make
22  certain you understand, and that is, you agree to pay
23  restitution in the amount of your tax liabilities of $69,445,
24  also to pay penalties and interest on your tax liabilities, as
25  determined by the Internal Revenue Service.  You agree to
```

1   cooperate with the Internal Revenue Service in investigating

2   exactly how much you owe.  You also agree that for the years

3   2003, 2004 -- and you agree to file an amended tax return for

4   the tax year 2003 that fully and accurately ascertains,

5   computes, and to pay your correct personal and corporate

6   federal income tax.  You understand that?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  You understand what your duties are with

9   regard to that?

10         THE DEFENDANT:  Yes, Your Honor.

11         THE COURT:  Now, with regard to the charge that is in

12  the information, do you understand that the maximum sentence

13  that can be imposed pursuant to statute is five years?  There

14  is no minimum term.  So the Court will have to decide what to

15  sentence you to, but it will be no more than five years

16  imprisonment.  Do you understand that?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Further, if you are sentenced to a period

19  of imprisonment, following that will be a period of supervised

20  release, which means that you are released.  You are no longer

21  imprisoned; however, there are conditions that you must follow.

22  You must report to a probation officer, and if you violate any

23  of the conditions, you could be sentenced to up to two years in

24  prison for violating the conditions.  Do you understand that?

25         THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  The maximum fine that can be imposed is
2    $250,000.  Pursuant to this agreement, you and the government
3    have agreed that restitution with respect to your tax
4    liabilities in the amount of $69,445 may be ordered by the
5    Court.
6         THE DEFENDANT:  Yes, Your Honor.
7         THE COURT:  You understand that there is also a one
8    hundred dollar special assignment, and other penalties,
9    including costs of prosecution.  Any questions?
10        MR. KEATING:  No, Your Honor.
11        THE DEFENDANT:  No, Your Honor.
12        THE COURT:  You have any questions about the charge,
13   about your rights, or anything that we've discussed?
14        THE DEFENDANT:  No, Your Honor.
15        THE COURT:  Then, let me ask you this:  Are you ready
16   to plead?
17        THE DEFENDANT:  Yes, Your Honor.
18        THE COURT:  Counselor, do you know of any reason why
19   your client should not enter a plea to this information?
20        MR. KEATING:  No, Your Honor.
21        THE COURT:  How do you plead, Mr. Shillingford?
22        THE DEFENDANT:  I plead guilty, Your Honor.
23        THE COURT:  Now, tell me what it is that you did that
24   resulted in this charge.
25        THE DEFENDANT:  On or about April 15th, 2002, I filed

1  a United States individual income tax return which was false in
2  my taxable income.  And tax due for the calendar year of 2001
3  was substantially greater than reported on my tax return.  I
4  did this knowingly and with fully -- I filed the return by
5  mailing it into Suffolk County in New York.
6              THE COURT:  All right.  And the part of the
7  information about concealment of the income that is included in
8  the information, and the income from the Connecticut companies,
9  do you admit those factual allegations?
10             THE DEFENDANT:  It's the same income, Your Honor.
11             THE COURT:  Yes, I know, but you didn't spell it out.
12             THE DEFENDANT:  Oh, I'm sorry.  Yes.  Yes, Your Honor.
13             THE COURT:  All right.  Anything further?
14             MR. COFFEY:  The only other thing, that he
15 acknowledges that he did sign the tax return that was filed in
16 April 2002.
17             THE DEFENDANT:  Yes, Your Honor.
18             THE COURT:  All right.  And you also indicated that it
19 was sent to which county?  Was that here in this district,
20 Eastern District of New York?
21             THE DEFENDANT:  It was in Suffolk.
22             THE COURT:  Suffolk County?
23             THE DEFENDANT:  Yes, ma'am.
24             THE COURT:  All right.  And would you outline the
25 proof that the government would present at trial?

1        MR. COFFEY:  The government would call representatives
2   of the Internal Revenue Service to present the tax return in
3   question, and also would call an informant who is prepared to
4   testify that he, acting with Mr. Shillingford, received checks
5   from these Connecticut companies, payable to the informant, and
6   that Mr. Shillingford's -- working with Mr. Shillingford, he
7   would take these checks, which were income from commissions
8   from real estate transactions, cash them and deposit them in
9   the informant's bank account, and then the funds were withdrawn
10  from the bank account, and a thousand dollars was kept per
11  check by the informant, and the remainder of proceeds were
12  given to Mr. Shillingford.
13       THE COURT:  Okay.  Thank you.  I will then accept the
14  plea of guilty.  It is the finding by the Court that based upon
15  the information given to me, the defendant is acting
16  voluntarily.  He fully understands his rights and consequences
17  of his plea, and that there is a factual basis for the plea, so
18  the plea is accepted.
19       Now, with regard to release, I have before me an order
20  to sign, unsecured bond in the amount of one hundred thousand
21  dollars, with conditions.  The defendant must remain and may
22  not leave without Court permission the continental United
23  States, and -- the United States.  The defendant shall
24  surrender any and all passports to the U. S. Pretrial Services,
25  and shall not apply for any other passport.

```
 1                Did the parties agree --
 2            MR. COFFEY:  Government agrees to that, Your Honor.
 3            MR. KEATING:  Yes, Your Honor.  We agree to those
 4   terms.
 5            MR. COFFEY:  And I have the passport here today, to be
 6   surrendered from Mr. Shillingford.
 7            All right.  Then I will, since you have agreed, then
 8   sign.  Mr. Shillingford came in willingly.  I will sign this,
 9   also, and schedule sentencing.
10            THE CLERK:  March 2nd, Judge.  10:30.
11            THE COURT:  All right.  Now, Mr. Shillingford, you
12   will have to report to Probation.
13            THE CLERK:  Judge, I'm having the defendant sign the
14   bond.
15            THE COURT:  Do you have any question about the
16   conditions?
17            THE DEFENDANT:  No, Your Honor.
18            THE COURT:  All right.  You are required to report to
19   Probation for the preparation of the pre-sentence report.
20            Would you like to be present when your client is
21   interviewed?
22            MR. KEATING:  Yes, Your Honor.
23            THE COURT:  We'll notify Probation of that, to the
24   address, right?
25            MR. KEATING:  Yeah.  Okay.  Thank you.
```

1           THE COURT:  Thank you.  Thank you all.
2           MR. COFFEY:  Thank you.
3                    (Sentencing concluded.)

LISA SCHMID, RMR, CCR   Official Court Reporter
United States District Court  Eastern District of New York